The Chief Justice
delivered the opinion of the court.
Young being brought before a justice of the peace on a charge of being the father of a bastard child, entered with Finlay as his security into a recognizance conditioned that he should appear at the next county court, and abide by and perform the order of said court. Young appeared accordingly, and being adjudged to be the father of the child, was ordered by the court to enter into bond with good and sufficient security, in the sum of $120, for the payment of $15 per annum, for eight years. But Young failed or refused to enter into the bond, as directed by the order of the court. A scire facias thereafter was issued against Young and Finlay, his security, upon the recognizance entered into before the justice of the peace; and the only breach thereof which is suggested in the scire facias, is the failure of refusal of Young to comply with the order of the county court, and a judgment having been rendered by the inferior court upon the scire facias in favor of the commonwealth, Young and Finlay have brought the case to this court by writ of error.
The judgment of the inferior court, in this case, is manifestly erroneous. The act of assembly concerning bastardy, 1 Littell, 282, authorises the justice, before whom a person is charged with being the father of a bastard, to bind such person in a recognizance with no other condition than for his appearance at the next court held for the county; and the act expressly provides that the recognizance shall be void upon the party appearing in court according to the condition thereof. The condition, therefore, that Young should abide by and perform the order of the court, was *64 clearly unauthorised; and as the scire facias alledges no other breach of the recognizance than that of his failure to comply with the condition, it is plainly insufficient to warrant a judgment for the commonwealth.
Daviess for appellant.
The judgment reversed and the cause remanded, that, the scire facias may be quashed, but without costs.